**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF OKLAHOMA**

PRIVILEGE UNDERWRITERS RECIPROCAL, )
                                    )
                    Plaintiff,      )
                                    )
v.                                  )       CASE NO. CIV-23-00546-GKF
                                    )
UPONOR, INC.,                       )
                                    )
                    Defendant.      )

## ANSWER OF UPONOR, INC. TO PLAINTIFF'S AMENDED COMPLAINT

COMES NOW, the defendant, Uponor, Inc. ("Uponor") and for its Answer to Plaintiff's Amended Complaint, alleges and states as follows:

Uponor denies, generally and specifically, each and every material allegation set forth in the Plaintiffs' Amended Complaint except as may be hereafter specifically admitted.

## PARTIES

1.    With regard to the allegations contained in paragraph 1, Uponor states that it is without sufficient information to admit or deny the factual allegations contained in that paragraph and the allegations are therefore denied. In responding further, with regard to the statements in paragraph 1 related to the legal effect of Plaintiff's alleged status as an "association" as set forth in footnote 1 to paragraph 1, Uponor makes no response to those statements as they represent legal conclusions as opposed to allegations of fact. Should any further or other response to those statements be deemed necessary, Uponor denies those legal conclusions and leaves Plaintiff to its proof.  As for the allegations of paragraph 2 of the Amended Complaint,

Uponor states that it is without sufficient information to admit or deny the factual allegations contained in that paragraph and the allegations are therefore denied.

2. Concerning the allegations contained in paragraph 3 of the Amended Complaint, Uponor admits it is an Illinois corporation with its principal place of business in the State of Minnesota.  Uponor also admits its service agent is National Registered Agents, Inc.  Concerning the balance of the allegations contained in paragraph 3 of the Amended Complaint, such allegations are compound in nature, and contain legal conclusions, and such allegations are denied as phrased.

## JURISDICTION AND VENUE

3. The allegations contained in paragraphs 4, 5 and 6 of the Amended Complaint are legal in nature and no response is required.  To the extent a response is deemed necessary, Uponor admits that venue and jurisdiction are proper in this Court, and denies the balance of the allegations contained in paragraphs 4, 5 and 6 of the Amended Complaint.

## FACTS

4. Uponor denies the allegations contained in paragraph 7 of the Amended Complaint.

5. Uponor is without sufficient information to admit or deny the allegations contained in paragraphs 8, 9, 10, 11, 12, 13, and 14 of the Amended Complaint and such allegations are therefore denied. With regard to the allegations contained in paragraph 15 of the Amended Complaint, such

2

allegations are compound in nature, and contain legal conclusions, and such allegations are denied as phrased.

6. Concerning the allegations contained in paragraphs 16 and 17 of the Amended Complaint, Uponor would state that any statements and/or representations of Uponor to third parties, including allegations pertaining to Uponor's "sales catalog", are self-explanatory.  To the extent any allegations of Plaintiff are inconsistent with representations made by Uponor, such allegations are denied.

7. Uponor denies the allegations contained in paragraphs 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, and denies any negligence in the design or manufacturing of any Uponor product at issue, and further denies any misrepresentation, omission, or other act, on the part of Uponor caused or contributed to any loss or damage sustained by Plaintiff. In responding further Uponor states that various of the statements contained in paragraphs 18-30 state conclusions and/or opinions of an expert nature as opposed to allegations of fact and Uponor makes no response to those statements. Should any further or other response to those statements be deemed necessary, Uponor denies those conclusions/opinions and leaves Plaintiff to its proof.

## COUNT I - MANUFACTURER'S PRODUCTS LIABILITY

8. For its Answer to paragraph 34 of the Amended Complaint, Uponor adopts and incorporates, as if fully set forth herein, the responses to paragraphs 1 – 33 of Plaintiff's Amended Complaint.

9.  With regard to the allegations contained in Paragraph 35 of the Amended Complaint, Uponor admits that it manufactures and sells AquaPEX® pipe products.

10. Concerning the allegations contained in paragraph 36 of the Amended Complaint, Uponor is without sufficient information to admit or deny whether it "designed, produced, manufactured, marketed or sold" any pipes that were installed in Plaintiff's home.  Uponor denies any of its products caused or contributed to any damages alleged by Plaintiff.

11. Uponor denies the allegations contained in paragraphs 37, 38, 39, 40, 41, and 42 of the Amended Complaint, and denies any negligence or design or manufacturing defect on the part of Uponor caused or contributed to any damages alleged by Plaintiff.  Uponor further denies the extent and severity of the damages alleged.

### COUNT II – NEGLIGENCE

12. For its Answer to paragraph 43 of the Amended Complaint, Uponor adopts and incorporates, as if fully set forth herein, the responses to paragraphs 1 – 42 of Plaintiff's Amended Complaint.

13. Uponor denies the allegations contained in paragraphs 44, 45, 46, and 47 of the Amended Complaint, and denies any negligence or design or manufacturing defect on the part of Uponor caused or contributed to any damages alleged by Plaintiff.  Uponor further denies the extent and severity of the damages alleged.

## DAMAGES

14. Uponor denies the allegations contained in paragraphs 48 and 49 of the Amended Complaint.

## JURY DEMAND

15. Uponor does not object to Plaintiff's request for a jury trial of this matter.

## FOR THE COURT ONLY, NOT TO BE READ TO THE JURY

16. The allegations contained in paragraph 51 of the Amended Complaint are legal in nature and no response is required. To the extent a response is deemed necessary, Uponor is without sufficient information to admit or deny such allegations, and the allegations are therefore denied.

## AFFIRMATIVE DEFENSES

1. The Amended Complaint fails to state a claim against Uponor upon which relief can be granted.

2. Plaintiff's claims are barred by the applicable statute of limitations, both contractual and statutory.

3. Plaintiff's claims are barred by the statute of repose, including but not limited to Title 12 O.S. § 109, and applicable case law.

4. Any alleged damages were caused by the negligence and/or conduct of the Plaintiff and/or other third parties for whom Uponor is not liable.

5. No action, or failure to act, on the part of Uponor caused or contributed to the cause of Plaintiff's alleged damages.

6. Lack of privity.

7. Failure of consideration.

8.      Lack of standing.

9.      Any product manufactured or sold by Uponor was reasonably fit for its intended purpose, and did not cause the alleged damages.

10.     The product in question was accepted without notice to this defendant of any defect, thereby barring the claims at issue.

11.     The alleged damages are limited and/or excluded by the terms of the agreements between the various parties.

12.     The claims in question are barred by the doctrines of estoppel and/or waiver, as well as the economic loss doctrine.

13.     The alleged damages were caused by the failure of equipment and/or materials which were not manufactured or sold by this defendant.

14.     The claims at issue are barred by the assumption of risk doctrine.

15.     The alleged damages were the result of an unavoidable casualty or misfortune, for which Uponor cannot be held liable.

16.     The claims at issue are barred, in whole or in part, by the failure of the parties to mitigate.

17.     The alleged damages were caused by independent, intervening and/or supervening causes for which Uponor is not liable.

18.     The alleged damages were the result of misuse of the product and/or alterations or damage to the product for which Uponor is not liable.

19.     The claims at issue are barred by the sophisticated user and/or learned intermediary doctrine(s).

20.     The claims at issue, and the damages sought, are barred by Uponor's written limited warranty as well as the failure of Plaintiff and its alleged insured, Blake Murry, to comply with the terms of the limited written warranty.

21.     Uponor reserves the right to assert additional affirmative defenses as revealed in discovery.

WHEREFORE, defendant, Uponor, Inc., requests that judgment be entered in its favor and against the plaintiff, Privilege Underwriters Reciprocal and that Uponor, Inc. be awarded its attorney fees and costs.

 /s/  J. Mark McAlester
J. MARK McALESTER, OBA #18104
FENTON FENTON SMITH RENEAU & MOON
211 N. Robinson, Ste. 800N
Oklahoma City, OK 73102
Phone: 405.235.4671
Fax: 405.235.5247
E-mail: jmmcalester@fentonlaw.com
**ATTORNEYS FOR DEFENDANT,
UPONOR, INC.**

## <u>CERTIFICATE OF SERVICE</u>

       I hereby certify that on this 17th day of January, 2024 I electronically transmitted the attached document to the Clerk of Court using the ECF system for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

       Bruce F. Klein       bruce@bfkleinlaw.com


       /s/ J. Mark McAlester_____
       J. Mark McAlester