**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| PRIVILEGE UNDERWRITERS<br>RECIPROCAL EXCHANGE,<br><br>      Plaintiff,<br><br>v.<br><br>UPONOR, INC.,<br><br>      Defendant. | )<br>)<br>)<br>)<br>)     Case No. 23-CV-00546-GKF-MTS<br>)<br>)<br>)<br>)<br>) |

## <u>ORDER</u>

This matter comes before the court on the Motion to Remand [Doc. 15] of plaintiff Privilege Underwriters Reciprocal Exchange (PURE).  For the reasons set forth below, the motion is granted.

On December 18, 2023, Uponor North America, Inc. removed this matter invoking the court's diversity jurisdiction, 28 U.S.C. § 1332. [Doc. 3].  PURE subsequently filed an Amended Complaint against defendant Uponor, Inc. wherein it alleges that it is an unincorporated reciprocal inter-insurance exchange with individual members in all fifty states.  [Doc. 9].  Additionally, PURE filed the motion to remand, including evidence that removal is improper because it has members that are citizens of all fifty states in the United States.  [Doc. 15; Doc. 15-1].  In response, Uponor states that it does not oppose the motion to remand.  [Doc 18, p. 2].

"A defendant may remove a civil action initially brought in state court if the federal district court could have exercised original jurisdiction."  *Salzer v. SSM Health Care of Okla., Inc.*, 762 F.3d 1130, 1134 (10th Cir. 2014) (citing 28 U.S.C. § 1441(a)).  "However, a federal court must remand a removed action back to state court '[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction.'"  *Id.* (quoting 28 U.S.C. § 1447(c)).  "The party

invoking federal jurisdiction has the burden to establish that it is proper, and 'there is a presumption against its existence.'" *Id.* (quoting *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974)). "In ruling on [a] motion to remand, a court should determine its jurisdiction over [the] case based upon plaintiff's pleadings at time of removal, supplemented by any affidavits or deposition transcripts filed by parties." *Cousina v. Mass. Mut. Life Ins. Co.*, No. 12-CV-00532-JHP-TLW, 2012 WL 6726453, at *2 (N.D. Okla. Dec. 27, 2012) (citing *Guillory v. PPG Indus., Inc.,* 434 F.3d 303 (5th Cir. 2005)).

Based on the Amended Complaint, as well as the motion to remand and exhibits thereto, the court concludes that remand is appropriate as the evidence demonstrates that PURE and Uponor are not citizens of different states and complete diversity does not exist. *See* 28 U.S.C. § 1332(a)(1). Thus, the court lacks subject matter jurisdiction. *See Mgmt. Nominees, Inc. v. Alderney Invs., LLC*, 813 F.3d 1321, 1324-25 (10th Cir. 2016).

WHEREFORE, the Motion for Remand [Doc. 15] of plaintiff Privilege Underwriters Reciprocal Exchange is granted.

IT IS FURTHER ORDERED that the Court Clerk is hereby directed to remand this action to the District Court for Tulsa County, Oklahoma.

DATED this 5th day of February, 2024.



GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE